284 P.2d 649

C. Edgar LEAFDALE, d/b/a Leafdale Egg Company, Appellant,

v.

MESA WHOLESALE SALES TERMINAL, Inc., a corporation, Appellee.

No. 5949.

Supreme Court of Arizona.

June 7, 1955.

H. Lavon Payne, Mesa, Carl Tenney and J. A. Yankee, Phoenix, for appellant.

Oakley J. Ray and Kenneth C. Chatwin, Phoenix, for appellee.

WINDES, Justice.

On June 23, 1951, the Mesa Wholesale Sales Terminal, Inc., hereinafter designated plaintiff, leased a large building to C. Edgar Leafdale, hereinafter designated defendant, for the purpose of maintaining and operating an establishment for wholesaling and retailing poultry, eggs, butter, cheese and related merchandise. The term of the lease is five years from August 1, 1951, to July 31, 1956. The plaintiff as landlord agreed to make certain repairs and replacements, among which was "furnish and install a blower cooler of adequate capacity for the demised premises". Prior to defendant's opening up his establishment for the operation of his business, the plaintiff installed two blower coolers of 5500 cubic foot capacity. Defendant took possession, paid the rent to and including August, 1952, and, although remaining in possession, failed to pay thereafter. Plaintiff brought suit for the rent. Defendant answered denying liability and counterclaimed for damages upon the ground that plaintiff had

114

failed to make certain repairs and replacements as agreed in the lease, including failure to furnish and install a blower cooler of adequate capacity. The court, sitting without a jury, made findings of fact and rendered judgment in favor of plaintiff for the rent due and for the plaintiff on the defendant's counterclaim.

Among the facts found were the following:

"4. That evaporative cooling was furnished by plaintiff in accordance with the terms of said lease prior to the occupancy by the defendant and was adequate and reasonable for said premises and that the defendant accepted the same.

"6. That the defendant failed to prove and sustain any damages as alleged in his counterclaim, designated as a cross-complaint, by reason of any breach by the plaintiff.

"7. That there had been no breach of the aforesaid lease agreement by the plaintiff and that the same has been and now is in full force and effect from the date thereof."

Defendant appeals presenting eleven assignments of error with considerable duplication but taken together they are:

(1) That the undisputed evidence shows plaintiff was in default on a substantial covenant in the lease;

(2) That by the undisputed evidence defendant is entitled to recover damages on his counterclaim;

(3) That there is no substantial evidence to support said findings No. 4, 6, and 7; and

(4) That the court erred in rejecting evidence concerning what was in the contemplation of the parties as to the meaning of the term "adequate capacity" with respect to the installation of the coolers.

■ Defendant's principal complaint is that the evidence without dispute proves that the plaintiff violated the provisions in the lease requiring it to furnish and install a blower cooler of adequate capacity and urges that being thus in default, plaintiff is precluded from recovering the rent. The correct rule is that where the lessor agrees to make repairs or install improvements and the lessee goes into possession and uses the premises for the purposes intended, the lessee cannot defend against the payment of the stipulated rent upon the ground that such installations are inadequate. Under such conditions his only remedy for breach of the lessor's agreement is to counterclaim for any damages he might suffer as a result of such breach. Goelet v. Goldstein, 229 App.Div. 456, 242 N.Y.S. 586; 32 Am.Jur., Landlord and Tenant, section 539, page 445; Anno. 28 A.L.R. 1448 and 28 A.L.R.2d 446.

■ The mere fact of a breach of an independent covenant of this character does not affect the right of the landlord to re-

cover the rent unless the tenant has suffered some damages by reason of the failure of the landlord to perform. Defendant contends that the evidence concerning damages conclusively shows he suffered loss by reason of the plaintiff's failure to provide adequate cooling and the court therefore could not render judgment in favor of the plaintiff for the full amount of the rent. It thus becomes necessary to examine the evidence concerning defendant's alleged damages to determine the correctness of the court's finding that no damages were sustained because of the plaintiff's alleged failure to comply with its agreement.

The defendant was the only witness on the amount of damages. He testified substantially as follows: He lost twelve boxes of bacon valued at $72; spoiled eggs valued at about $100; and 22 boxes of fryers valued at $443, which losses he believed were due to the temperature. These claimed losses occurred in the fall of 1951. All this produce was kept in refrigeration vaults located in the building. Initially the eggs were removed for about an hour for the purpose of candling. Later this time was reduced to 20 minutes. They were shipped from various states outside Arizona and there was a possibility deterioration started in transit. He had no egg loss in 1952 and 1953. All the loss claimed during 1952 and 1953 was because of lessened efficiency of employees. He further testified that he suffered damages of $840 due to the effect of the heat on the employees. He arrived at this figure by arbitrarily estimating that there was 10 percent less efficiency than there would have been under lower temperatures. He claimed $50 per month for excess utility bills and arrived at this figure by stating that he felt this was approximately correct as a result of the warm air entering the refrigeration vaults when the doors were open. He asked $5,000 for loss of profits and identified one customer which he claimed to have lost during the fall of 1951. He produced some records in an effort to show loss of profits but these records show a substantial increase in volume of sales in October over September of 1951.

■ Defendant would have us say that the law compels the trier of facts to give him judgment for damages under such testimony by the party claiming the same. Aside from being that of the party interested, the trial court was entitled to consider his testimony in its entirety not only unreasonable but bottomed upon uncertainties, speculation and guess. He believes he lost bacon while in the refrigeration vault because of the outside warm temperature; he estimates he lost $100 worth of eggs kept under refrigeration except while candling and admits it was possible some of this loss was due to shipment. The only produce loss was when he first began business and he experienced none during the following two years. He guesses that efficiency of his employees was reduced 10

percent and speculates that his utility bills for refrigeration were $50 per month higher than they would have been with adequate outside room temperature. He claims $5,000 loss of profits and identifies the loss of one customer because of defective eggs which defect he admits might have been the result of shipment. Under this record the trial court was amply justified in making its finding No. 6 that the defendant had failed to prove any measurable damages as alleged in his counterclaim by reason of any breach by the plaintiff.

The court being justified in finding that the defendant suffered no recoverable damages as claimed in the counterclaim, the court correctly rendered judgment in favor of the plaintiff for the full amount of the rent.

Defendant complains that the court tried the case and denied liability of the plaintiff on the counterclaim upon the theory that since the coolers were installed prior to occupancy, the defendant accepted the same as adequate and thereby waived any right to damages. While the court indicated there was a possibility of such waiver, its trial of the issues on the counterclaim does not harmonize with a ruling there was a waiver. If the court believed waiver existed, there was no occasion to receive evidence of inadequacy or damages.

Since the judgment is correct for the foregoing reasons, it becomes immaterial whether the plaintiff did or did not breach his covenant to furnish a cooler of adequate capacity. It therefore becomes unnecessary to discuss the other assignments of error which all deal with the question of whether such covenant was complied with by the plaintiff.

The judgment is affirmed.

LA PRADE, C. J., and UDALL, PHELPS and STRUCKMEYER, JJ., concur.