628 P.2d 52

STEWART TITLE & TRUST OF TUCSON, an Arizona Corporation as Trustee under Trust No. 1183, Plaintiff/Appellee,

v.

Howard PRIBBENO and Mary K. Pribbeno, husband and wife; and Shadron Realty, Inc., an Arizona Corporation, Defendants/Appellants.

No. 2 CA–CIV 3725.

Court of Appeals of Arizona, Division 2.

Feb. 23, 1981.

Rehearing Denied March 19, 1981.

Review Denied April 14, 1981.

Molloy, Jones, Donahue, Trachta, Childers & Mallamo, P. C. by Gary F. Howard, Tucson, for plaintiff/appellee.

John Price, Tucson, for defendants/appellants Pribbeno.

Donald Estes, Tucson, for defendant/appellant Shadron Realty.

## OPINION

HATHAWAY, Chief Judge.

Appellee (landlord) brought suit for breach of a lease for professional offices on East Broadway in Tucson. After trial to the court, without a jury, judgment was entered for landlord.

Appellants (tenants) raise two questions on appeal: (1) Was there a constructive eviction? (2) Did landlord fail to mitigate damages? We answer both questions in the negative.

The premises in question had been leased by tenants or their predecessors as a real estate and insurance office since September 1, 1968, with options to renew for terms of years. Landlord attaches significance to

the sale of Shadron Realty, Inc. to Park Dana, Pribbenos' sales manager, and Donn Phillips. The Pribbenos' interest in the lease, which required landlord's consent for assignment, was assigned to the purchasers. Landlord requested a financial statement of the new company and none was provided. Landlord's theory at trial was that tenants were attempting to "set up" a defense to their planned departure to more spacious quarters through a series of letters sent landlord by Donn Phillips complaining about the leased property, including complaints regarding inadequate air conditioning, lack of illumination of the sign, and a noisy soft drink machine. The trial court may have been persuaded that landlord's theory was accurate. In any event, the weight of the evidence was for the trial court. Park Dana admitted that the individual problems were not of great impact in his view. A secretary, who worked in the tenants' office at the time of the complaints, did not remember the air conditioning being a problem.

■ Constructive eviction occurs through intentional conduct by the landlord which renders the lease unavailing to the tenant or deprives him of the beneficial enjoyment of the leased property, causing him to vacate the premises. *Riggs v. Murdock*, 10 Ariz.App. 248, 458 P.2d 115 (1969); *Stone v. Sullivan*, 300 Mass. 450, 15 N.E.2d 476 (1938); *Longwood Towers Corp. v. Doyle*, 267 Mass. 368, 166 N.E. 634 (1929). Dana knew of the air conditioning's performance from the year before he purchased the business and was acquainted with the sign situation. Even if the cooling had been inadequate, that alone may not have constituted constructive eviction under these facts. *See Leafdale v. Mesa Wholesale Sales Terminal*, 79 Ariz. 112, 284 P.2d 649 (1955). The evidence does not show that the conditions complained of were permanent or the result of intentional conduct by landlord. Constructive eviction was not proven.

■ Tenants challenge the trial court's award of damages to landlord for the entire length of the lease, arguing there was a duty to mitigate damages after the premises were vacated. The tenants, under the circumstances we have here, are liable for the rents due for the balance of the term of the lease subject to the landlord's duty to attempt to mitigate damages to the credit of the tenants. *Camelback Land & Investment Co. v. Phoenix Entertainment Corp.*, 2 Ariz.App. 250, 407 P.2d 791 (1965); *Dushoff v. Phoenix Co.*, 22 Ariz.App. 445, 528 P.2d 637, reh. den. 23 Ariz.App. 238, 532 P.2d 180 (1975). This duty requires "reasonable efforts to rent . . . at a fair rental." *Dushoff v. Phoenix Co.*, supra, 22 Ariz.App. at 449, 528 P.2d at 641. One claiming the benefit of the doctrine of avoidable consequences has the burden of proving that mitigation was probable. *Circle K Corp. v. Rosenthal*, 118 Ariz. 63, 574 P.2d 856 (App. 1977); *Barnes v. Lopez*, 25 Ariz.App. 477, 544 P.2d 694 (1976). This rule applies when the tenant has breached the lease by abandoning the premises or failing to occupy them. *Froling v. Bischoff*, 73 Mich.App. 496, 252 N.W.2d 832 (1977); *Hirsch v. Merchants National Bank & Trust Co.*, 166 Ind.App. 497, 336 N.E.2d 833 (1975); *Bernstein v. Seglin*, 184 Neb. 673, 171 N.W.2d 247 (1969); Annot., 21 A.L.R.3d 534, Sec. 12(b) (1968).

■ Here, landlord sought replacement tenants by letters to potential prospects and through the services of a real estate firm. Landlord sought, unsuccessfully, to locate a tenant through appellants' efforts. Having considered the record, we do not find that the evidence requires a contrary conclusion to that reached by the trial court.

Affirmed.

HOWARD, J., and ROBERTO C. MONTIEL, Judge of the Superior Court, concur.

NOTE: Judge Ben C. Birdsall, having requested that he be relieved from consideration of this matter, Judge Roberto C. Montiel was called to sit in his stead and participate in the determination of this decision.