807 P.2d 1130

**TEMPE CORPORATE OFFICE BUILD-ING, a limited partnership, Plaintiff–Appellant,**

v.

**ARIZONA FUNDING SERVICES, INC., an Arizona corporation; Winchester Mortgage Company, a California corporation, Defendants–Appellees.**

No. 1 CA–CV 89–560.

Court of Appeals of Arizona, Division 1, Department D.

March 12, 1991.

Robbins & Green, P.A. by Jeffrey P. Boshes and Sarah N. McGiffert, Phoenix, for plaintiff-appellant.

Smith & Feola, P.C. by Steven Feola and Thaine Crown, Phoenix, for defendant-appellee Winchester Mortg. Co.

## OPINION

McGREGOR, Judge.

Appellant Tempe Corporate Office Building (TCOB) brought this action to recover damages for the alleged breach of a commercial lease. TCOB now appeals from the trial court's order granting appellee Winchester Mortgage Company's (Winchester) motion for a partial new trial to determine damages for breach of the lease. The primary issue on appeal is whether the trial court erred in granting Winchester's motion for a partial new trial based on its conclusion that *Wingate v. Gin*, 148 Ariz. 289, 714 P.2d 459 (App.1985), establishes a preferential method for calculating damages in an action for breach of a commer-

cial lease in which the landlord asserts a claim for future rents.

## I.

On April 18, 1986, TCOB leased approximately 3,360 square feet of commercial space in its office building to appellee Arizona Funding Services, Inc. (Arizona Funding). Winchester guaranteed Arizona Funding's performance of the lease.

Under the terms of the lease, the lease period began on July 1, 1986, and ended on June 30, 1989. The lease provided that the second through the eighth months of the first year were rent-free, that the minimum monthly rent for the remainder of the first year was $4,620.00, and that the minimum monthly rent for the second and third years would increase to $4,781.70 and $4,949.06, respectively.

The lease provided TCOB several remedies in the event that Arizona Funding failed to perform its obligations under the lease:

> 22.1 If Tenant should fail to pay any part of the rentals herein provided, ... or if Tenant should vacate or abandon the Premises, then Landlord, in addition to any other rights and remedies it may have hereunder or at law or in equity, shall have the right without any further demand or notice, to pursue one or more of the following remedies:
>
> ....
>
> (d) terminate this Lease by written notice to Tenant, in which event Tenant shall have no further interest in this Lease or in the Premises, and Landlord may recover from Tenant all damages Landlord may incur by reason of Tenant's breach, including the cost of recovering the Premises, reasonable attorney's fees and the value at the time of such termination of the excess, if any, of the amount of rent and charges equivalent to rent reserved in this Lease for the remainder of the Lease Term over the then reasonable rental value of the Premises for the remainder of the Lease Term;
>
> (e) sue for rent or any other sums due Landlord under this Lease;
>
> ....
>
> (h) without termination of this Lease, relet the Premises or any part thereof, as agent and for the account of Tenant, upon such terms and conditions as Landlord, in its sole discretion, may deem advisable, with the right to make alterations and repairs to the Premises, the expenses of which shall constitute an indebtedness from Tenant to Landlord, immediately payable. If the rents received from such reletting during any month are less than that to be paid during that month by Tenant hereunder, Tenant shall pay any such deficiency to Landlord, and Landlord may bring an action therefor as such monthly deficiencies may arise. No such re-entry or taking possession of the Premises by Landlord shall be construed as an election on its part to terminate this Lease unless a written notice of such intention be given to Tenant or unless the termination thereof be decreed by a court of competent jurisdiction. Notwithstanding any such reletting without termination, Landlord may at any time thereafter, elect to terminate this Lease for such previous breach.

Arizona Funding took possession of the leased premises on July 1, 1986. After the rent-free period, Arizona Funding paid rent from March through September 1987. Arizona Funding paid no rent for the balance of the lease term and abandoned the premises in October 1987. By letter dated October 8, 1987, TCOB notified Winchester that effective October 10, 1987, the lease would "be in default, due to obvious abandonment." The letter also stated that TCOB would take all available steps to recover rent, damages and costs.

On December 1, 1987, TCOB filed a complaint against Arizona Funding and Winchester seeking rent due or to become due pursuant to the lease agreement, costs, late charges, interest and attorneys' fees. At trial TCOB requested damages for rent payments that had accrued through February 9, 1989, the date of trial. The trial court found that Arizona Funding and Winchester were jointly and severally liable to TCOB for rent through the date of trial,

interest, costs and attorneys' fees. On May 10, 1989, the court entered judgment in TCOB's favor in the amount of $107,-607.72.

On May 25, 1989, Winchester filed a motion for partial new trial pursuant to Rule 59(a)(6) and (8), Arizona Rules of Civil Procedure, arguing that the trial court's judgment was contrary to existing law. Winchester argued that, pursuant to *Wingate v. Gin*, 148 Ariz. 289, 714 P.2d 459 (App. 1985), when Arizona Funding abandoned the leased premises, TCOB had only two options: (1) to relet the premises, without terminating the lease, and bring an action to collect deficiencies as they arose or (2) to terminate the lease and collect past-due rent plus future rents equivalent to the difference between the reasonable rental value of the premises for the remainder of the lease term and the rent the landlord would have received for the remainder of the lease term. Winchester argued that TCOB elected the second remedy by filing its complaint, which, in effect, terminated the lease.

The trial court granted Winchester's motion for a partial new trial to determine damages only. The court expressly found, however, that TCOB did not terminate the lease or elect to pursue those remedies defined in paragraph 22.1(d) of the lease. Additionally, although the parties did not raise the issue of anticipatory repudiation, the trial court concluded that the doctrine applied to the calculation of TCOB's damages. In explaining its decision, the trial court stated:

> The court believes that *Wingate v. Gin* establishes a general preference for calculation of landlord's damages where there is a claim for future rents, based upon the difference between the gross amount of the reserved rent and the reasonable value of the remaining lease term....

TCOB timely appealed the trial court's order granting Winchester a partial new trial. We have jurisdiction pursuant to A.R.S. § 12–2101.F.

## II.

Winchester's primary argument, before the trial court and on appeal, is that TCOB terminated the lease either by filing the complaint or by sending the October 8, 1987, letter. Therefore, Winchester concludes, paragraph 22.1(d) of the lease limits TCOB's damages to the difference between the rent reserved in the lease for the portion of the lease term remaining after termination and the reasonable rental value of the premises for that period.

■ Because Winchester failed to file a notice of cross-appeal challenging the trial court's findings that TCOB did not terminate the lease and that TCOB did not elect to calculate damages pursuant to paragraph 22.1(d), Winchester is precluded from raising these arguments on appeal. In *Bowman v. Board of Regents*, 162 Ariz. 551, 785 P.2d 71 (App.1989), we held that an appellee must file a cross-appeal if the issue appellee raises attacks the trial court's judgment. Absent a cross-appeal, an appellee may raise a cross-issue in its answering brief only if the issue satisfies three criteria:

> (1) The cross-issue must be an argument in support of the judgment, not merely in support of the ultimate disposition on grounds that would attack the judgment;
>
> (2) The cross-issue must have been presented and considered by the trial court in rendering the judgment, whether or not the trial court ultimately rejected or simply ignored the issue in any disposition; and
>
> (3) The cross-issue must not result in an enlargement of appellee's rights or a lessening of appellant's rights on appeal.

162 Ariz. at 559, 785 P.2d at 79.

■ Winchester's lease termination argument does not satisfy the first criterion. Although Winchester's argument supports the trial court's ultimate determination with respect to the calculation of TCOB's damages, the argument attacks the trial court's judgment to the extent the judgment relies upon the court's findings that

TCOB did not terminate the lease and did not elect to calculate damages in accordance with paragraph 22.1(d). Because Winchester failed to raise this issue in a cross-appeal and the issue cannot be considered as a cross-issue, we do not have jurisdiction to consider the merits of Winchester's argument. *Id.* Accordingly, we accept as established the trial court's findings that TCOB did not terminate the lease or elect to calculate damages pursuant to paragraph 22.1(d) of the lease and examine the remaining issues in light of those facts.

### III.

In a similar vein, Winchester argues that TCOB cannot assert a claim for future rents, pursuant to paragraph 22.1(d) of the lease, and simultaneously enforce the lease. Winchester maintains that TCOB was put to an election of remedies and that TCOB chose to terminate the lease. Under this theory also, Winchester argues, TCOB is entitled only to future rents calculated according to the formula in paragraph 22.1(d). We disagree.

■ Inconsistent pleading is permissible; a party need not elect in advance of trial the theory upon which he will rely or the remedy he will seek. That election can wait until the conclusion of trial. Rule 8(f)(2), Arizona Rules of Civil Procedure; *Edward Greenband Enterprises of Ariz. v. Pepper,* 112 Ariz. 115, 117, 538 P.2d 389, 391 (1975); *Earven v. Smith,* 127 Ariz. 354, 356, 621 P.2d 41, 43 (App.1980).

■ As discussed above, the trial court found that TCOB did not terminate the lease. Thus, TCOB necessarily did not elect to pursue the remedies available to it upon termination of the lease. The complaint seeks judgment "for the rental due or to become due under the terms of the Lease Agreement" and leaves open the election of a remedy among those the lease permits. At trial TCOB elected to request damages in the amount of the rent payments that had accrued through the date of trial. TCOB was entitled to make that election at trial.

### IV.

TCOB's assertion that the trial court should not have granted a new trial on the issue of damages is based upon its argument that the trial court erred in applying *Wingate v. Gin,* 148 Ariz. 289, 714 P.2d 459 (App.1985), to calculate TCOB's damages. In granting Winchester's motion for a partial new trial to calculate damages, the trial court found that when a landlord asserts a claim for future rents under a commercial lease, *Wingate* establishes a preferential method for calculating damages based on the difference between the reserved rent and the reasonable value of the remaining lease term.[1]

■ In reviewing the trial court's order granting a partial new trial, we will uphold the order unless the trial court clearly abused its discretion. *Suciu v. Amfac Distrib. Corp.,* 138 Ariz. 514, 520, 675 P.2d 1333, 1339 (App.1983). For the following reasons, we conclude that the trial court clearly abused its discretion in granting Winchester's motion for a partial new trial.

In *Wingate* the lessor (Wingate) brought an action against the lessee (Fast Foto) for breach of a commercial lease and sought damages for past and future rent. 148 Ariz. at 290, 714 P.2d at 460. The lease agreement provided that, if Fast Foto breached the lease agreement, Wingate

---

1. In granting Winchester's motion for a partial new trial, the trial court also found that the doctrine of anticipatory repudiation applies to the calculation of TCOB's damages. Neither party had relied upon the doctrine of anticipatory repudiation at trial, however, and the court did not explain how the doctrine of anticipatory repudiation affected its calculation of damages. Anticipatory repudiation is a form of contract breach in which a party to a contract positively and unequivocally states that he will not perform his obligation pursuant to the contract when the performance becomes due. *Oldenburger v. Del E. Webb Dev. Co.,* 159 Ariz. 129, 131, 765 P.2d 531, 533 (App.1988). TCOB and Winchester agree that Arizona Funding's abandonment of the premises is a breach of the lease agreement and that the breach can be characterized as an anticipatory repudiation of the agreement. TCOB and Winchester also agree, however, that the doctrine of anticipatory repudiation has no bearing on the outcome of this appeal. Accordingly, we will not further address this issue.

had two remedies: (1) wait until the end of the lease term and recover any amounts due at that time or (2) terminate the lease and recover damages upon termination. *Id.* at 293, 714 P.2d at 463. The court held that "[w]ith the filing of his complaint, seeking judgment for all rents and charges, past and future, Wingate elected to terminate the lease pursuant to the [lease terms]." *Id.*

The court went on to determine "whether Wingate is entitled to recover all rent due, past and future, *under the terms of the parties' written lease agreement.*" *Id.* at 292, 714 P.2d at 462 (emphasis added). The court held that Wingate was entitled to recover accrued rents and charges up to the date the complaint was filed, plus the difference between the future rent due pursuant to the lease and the reasonable rental value of the premises. *Id.* at 293, 714 P.2d at 463.

In this action, although the trial court found that TCOB did not terminate the lease, it applied the *Wingate* damage calculation. The court interpreted *Wingate* as expressing a general, preferred method of calculating damages when future rents are demanded in an action for breach of commercial lease. We believe this is an erroneous interpretation of *Wingate*.

*Wingate* does not establish a general, preferential method for calculating damages in all actions for breach of a commercial lease. The *Wingate* court clearly stated that the lease agreement between Wingate and Fast Foto governed the damage calculation in that case. The TCOB/Arizona Funding lease provides TCOB with remedies not available to the landlord in *Wingate.* Unlike the TCOB lease, the *Wingate* lease did not contain a provision similar to paragraph 22.1(e), which allows the landlord to sue for rent or any other sums due pursuant to the lease. Additionally, the *Wingate* lease did not provide the landlord the option of pursuing other remedies at law or in equity, as does

paragraph 22.1 of the TCOB lease. The *Wingate* damage calculation does not apply to situations such as this in which the lease was not terminated and, in addition, provides other remedies. Because the trial court found that TCOB did not terminate the lease, we look to lease remedies and remedies at law that apply when a lease is not terminated.

■ Absent a termination, the lease terms permitted TCOB to relet the premises and sue the tenant for deficiencies or to sue for rent or other sums due under the lease. Those contractual options are consistent with general principles of Arizona law, which provide that, if a lease is not terminated, the landlord may recover unpaid rent due prior to reletting the premises and future rent due for the balance of the lease term, subject to the landlord's duty to mitigate damages by reletting the premises. *E.g., Stewart Title & Trust of Tucson v. Pribbeno,* 129 Ariz. 15, 16, 628 P.2d 52, 53 (App.1981). The duty to mitigate damages requires a landlord to make reasonable efforts to rent the abandoned premises at a fair rent. *Dushoff v. Phoenix Co.,* 22 Ariz.App. 445, 449, 528 P.2d 637, 641 (1974), *aff'd,* 23 Ariz.App. 238, 532 P.2d 180 (1975). If the landlord makes reasonable but unsuccessful efforts to relet the premises, he is entitled to the full amount of the rent due under the lease. *Stewart Title,* 129 Ariz. at 16, 628 P.2d at 53.

■ The trial court found that TCOB made a reasonable, although unsuccessful, attempt to relet the premises. Accordingly, the trial court's initial judgment in TCOB's favor for accrued rent through the date of trial plus other charges and fees was proper under both the lease provisions and Arizona law regarding calculation of damages for a nonterminated lease.[2]

### V.

For the foregoing reasons, we reverse the trial court's order granting a partial

---

2. TCOB did not request damages accruing after the date of trial. Generally, damages accruing after trial should be limited to the difference between the stipulated rental and the fair rental value of the premises. *The Lee Development Co. v. Papp,* 166 Ariz. 471, 477–78, 803 P.2d 464, 470–71 (App.1990).

new trial and reinstate the May 10, 1989, judgment.

KLEINSCHMIDT, P.J., and CLABORNE, J., concur.