**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SLEP-TONE ENTERTAINMENT CORPORATION and PHOENIX ENTERTAINMENT PARTNERS, LLC, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> WIRED FOR SOUND KARAOKE AND DJ SERVICES, LLC; ERNEST Z. MCCULLAR, <br><br> Defendants-Appellees. | No. 14-17229 <br><br> D.C. No. 2:12-cv-02631-NVW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted December 12, 2016
San Francisco, California

Before:  GRABER and HURWITZ, Circuit Judges, and BOULWARE,[**] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Richard F. Boulware, United States District Judge for the
District of Nevada, sitting by designation.

Plaintiff Slep-Tone Entertainment Corporation[1] appeals the district court's dismissal with prejudice of Plaintiff's claims for trademark infringement and unfair competition under the Lanham Act, and the district court's grant of summary judgment to Defendants on Plaintiff's claim for breach of contract under Arizona law.[2] Reviewing "de novo the district court's grant of summary judgment," Am. Tower Corp. v. City of San Diego, 763 F.3d 1035, 1043 (9th Cir. 2014), we reverse and remand for further proceedings.

1. Plaintiff did not distinctly raise Arizona state law counterfeiting claims in its opening brief. Those claims are therefore waived on appeal. Corbin v. Time Warner Entm't-Advance/Newhouse P'ship, 821 F.3d 1069, 1075 n.3 (9th Cir. 2016).

2. "We review the district court's interpretation of the contract de novo." Flores v. Lynch, 828 F.3d 898, 905 (9th Cir. 2016). "Our purpose in interpreting a contract is to ascertain and enforce the parties' intent. To determine the parties' intent, we look to the plain meaning of the words as viewed in the context of the

---

[1] On appeal, the court has added Phoenix Entertainment Partners, LLC, Slep-Tone's successor-in-interest, as an additional party. We refer to these entities collectively as "Plaintiff."

[2] We affirm the dismissal of the trademark-related claims in a concurrently filed per curiam opinion.

contract as a whole."  Elm Ret. Ctr., LP v. Callaway, 246 P.3d 938, 941–42 (Ariz. Ct. App. 2010) (citation and internal quotation marks omitted).

The district court correctly held that paragraph 15 of the parties' earlier settlement agreement provides Plaintiff with a choice in the event of Defendants' default.  Plaintiff "may, at its option, (y) accelerate any debts owed to it, declaring them immediately due and payable, and institute an action for breach of the AGREEMENT, or (z) void the covenant provided in paragraph 13 above and institute an action for trademark infringement, such action being based upon acts of DEFENDANT undertaken both before and after the effective date of this AGREEMENT."

Defendants argue, in effect, that by suing for trademark infringement, Plaintiff waived its claim for breach of the earlier settlement agreement.  See Am. Cont'l Life Ins. Co. v. Ranier Constr. Co., 607 P.2d 372, 374 (Ariz. 1980) ("Waiver is either the express, voluntary, intentional relinquishment of a known right or such conduct as warrants an inference of such an intentional relinquishment.").  Waiver constitutes an affirmative defense that must be raised in responsive pleadings.  See Fed. R. Civ. P. 8(c); see also Ariz. R. Civ. P. 8(c).  "The purpose of such pleading is to give the opposing party notice of the [affirmative defense] and a chance to argue, if [it] can, why the imposition of an [affirmative

3

defense] would be inappropriate." Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 350 (1971). Here, Defendants raised no such affirmative defense in their answer to the Second Amended Complaint, which asserted contract claims for the first time. Instead, assertions of Plaintiff's purported waiver did not arise until the summary judgment stage. Although "[i]n the absence of a showing of prejudice, . . . an affirmative defense may be raised for the first time at summary judgment," Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir. 1993), foreclosing the contract claim only after the trademark claim had been dismissed prejudiced Plaintiff, which had no opportunity to litigate this issue while both remedies remained available.

Arguments that Plaintiff asserted only trademark infringement in its original complaint are beside the point. The operative Second Amended Complaint asserts side-by-side claims for trademark infringement and breach of contract. These claims relate back to the original filing. See Fed. R. Civ. P. 15(c). As we have explained, "the general rule is that an amended complaint super[s]edes the original complaint and renders it without legal effect." Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).

When the motion for summary judgment was decided, the operative complaint alleged both contract and trademark claims, meaning that, at that stage,

Plaintiff had pursued both theories. It was impossible to determine whether, under the contract, Plaintiff had "institute[d] an action" for one at the expense of the other. And, because the trademark claims now have been dismissed, no possibility of double recovery exists. We reverse the district court's grant of summary judgment to Defendants on Plaintiff's claim for breach of contract and remand for consideration of that claim on its merits.

**AFFIRMED** in part; **REVERSED** in part and **REMANDED**. The parties shall bear their own costs on appeal.



FILED

JAN 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HURWITZ, Circuit Judge, concurring in part and dissenting in part:

Although Arizona law generally allows a plaintiff to elect remedies after trial, *see Tempe Corp. Office Bldg. v. Ariz. Funding Servs.*, 807 P.2d 1130, 1134 (Ariz. App. 1991), filing a complaint is an election of remedies if a contract so provides, *see Wingate v. Gin*, 714 P.2d 459, 462–63 (Ariz. App. 1985). In *Wingate*, the lease provided that upon the tenant's default, the landlord could either "wait for the end of the lease term and recover any amounts found to be owing at that time," or "elect to terminate the lease and recover his damages upon termination." 714 P.2d at 463. The court found that by filing the "complaint, seeking judgment for all rents and charges, past and future, Wingate elected to terminate the lease." *Id.*

Paragraph 15 of the settlement agreement provides that in the event of breach "SLEP-TONE may, at its option, (y) accelerate any debts owed to it, declaring them immediately due and payable, and institute an action for breach of the AGREEMENT, or (z) void the covenant provided in paragraph 13 above and institute an action for trademark infringement, such action being based upon acts of DEFENDANT undertaken both before and after the effective date of this AGREEMENT." I would hold, as did the district court, that by suing for trademark infringement, Slep-Tone voided the settlement agreement. I would therefore affirm the summary judgment to Wired for Sound on Slep-Tone's breach of contract claim

and respectfully dissent from the memorandum disposition to the extent it holds to the contrary.