HURWITZ, Circuit Judge,
concurring in part and dissenting in part:
Although Arizona law generally allows a plaintiff to elect remedies after trial, see Tempe Corp. Office Bldg. v. Ariz. Funding Servs., Inc., 167 Ariz. 394, 807 P.2d 1130, 1134 (App. 1991), filing a complaint is an election of remedies if a contract so provides, see Wingate v. Gin, 148 Ariz. 289, 714 P.2d 459, 462-63 (App. 1985). In Win-gate, the lease provided that upon the tenant’s default, the landlord could either “wait for the end of the lease term and recover any amounts found to be owing at that time,” or “elect to terminate the lease and recover his damages upon termination.” 714 P.2d at 463. The court found that by filing the “complaint, seeking judgment for all rents and charges, past and future, Wingate elected to terminate the lease.” Id.
Paragraph 15 of the settlement agreement provides that in the event of breach “SLEP-TONE may, at its option, (y) accelerate any debts owed to it, declaring them immediately due and payable, and institute an action for breach of the AGREEMENT, or (z) void the covenant provided in paragraph 13 above and institute an action for trademark infringement, such action being based upon acts of DEFENDANT undertaken both before and after the effective date of this AGREEMENT.” I would hold, as did the district court, that by suing for trademark infringement, Slep-Tone voided the settlement agreement. I would therefore affirm the summary judgment to Wired for Sound on Slep-Tone’s breach of contract claim and respectfully dissent from the memorandum disposition to the extent it holds to the contrary,