765 P.2d 531

Carl **OLDENBURGER** and Georgina **Oldenburger**, husband and wife, Plaintiffs–Appellants,

v.

**DEL E. WEBB DEVELOPMENT CO.**, an Arizona corporation, and **Del E. Webb Corporation**, an Arizona corporation, Defendants–Appellees.

No. 1 CA–CIV 9419.

Court of Appeals of Arizona, Division 1, Department A.

June 21, 1988.

Reconsideration Denied Aug. 11, 1988.

Review Denied Jan. 10, 1989.

Thur, Dawson & O'Sullivan by Roger O'Sullivan, Anita Rosenthal, Scottsdale, for plaintiffs-appellants.

MacLean & Jacques, Ltd. by Cary T. Inabinet, Phoenix, for defendants-appellees.

## OPINION

JACOBSON, Presiding Judge.

In this appeal we must determine whether the tort of bad faith lies for breach of a real estate sales contract and whether Del E. Webb Development Company (DEVCO) and Del E. Webb Corporation were entitled to summary judgment on claims made against them for breach of contract.

Carl and Georgina Oldenburger entered into a contract with DEVCO in June 1984 to purchase a residence in Sun City West. The Oldenburgers paid the entire purchase price of $72,479 prior to the completion and construction of the home. They subsequently noticed that the bathtub to be installed in the home had a perpendicular rather than a sloped back. They asked DEVCO either to substitute a different type of tub, allow the Oldenburgers' installers to install a different type of tub or to leave the tub out of the house entirely. DEVCO said it could not allow such changes in production housing.

The Oldenburgers attempted to have DEVCO change its decision through various correspondence and by telling the media of their complaint. By letter dated August 8, 1984 DEVCO informed the Oldenburgers that it would not accommodate their request for a bathtub change and offered to permit them to cancel their agreement with a complete refund. The letter further stated that if DEVCO did not hear from the Oldenburgers in writing to the contrary within seven days, it would assume that they had elected to cancel the agreement.

Georgina Oldenburger responded by letter dated August 15, 1984 saying that she was "stunned" by the August 8th letter and further stating:

> It appears, for the moment, that you have me over a barrel. I have absolutely *no* intention of canceling the contract, however, and want you to be aware that I will continue to pursue this matter of the tub by any and all means I can until it is settled to my satisfaction.

By letter dated August 21, 1984 DEVCO informed Mrs. Oldenburger that it was clear that "you will not accept the house with the bathtub offered." DEVCO claimed that the Oldenburgers had repudiated the agreement and therefore DEVCO cancelled the sale and enclosed a check for a full refund.

In late 1984 Mrs. Oldenburger filed suit in Wickenburg Justice Court against DEVCO and its president, Paul Tatz. The complaint sought recovery for interest on the money during the time it was held by DEVCO and damages for stress, hardship, tensions, headaches and depression, including punitive, consequential, compensatory and other damages. The justice court suit was dismissed without prejudice.

On July 29, 1985 the Oldenburgers filed a complaint in superior court seeking recovery of damages for breach of contract, breach of the duty of good faith and fair dealing, intentional infliction of emotional distress, and conversion. Summary judgment was granted in favor of DEVCO and its parent company, the Del E. Webb Corporation, on all counts. This appeal followed.

The Oldenburgers contend that the trial court erred in granting summary judgment against them because: (1) the evidence did not establish anticipatory repudiation by Mrs. Oldenburger so as to justify cancellation of the contract by DEVCO; (2) tort recovery for breach of an implied covenant of good faith and fair dealing should be applicable to the sale of homes; (3) the justice court action had no *res judicata* effect on this litigation; and (4) Del E. Webb Corporation was a proper defendant. They have raised no issues on appeal regarding the judgment entered against them on their claims for intentional infliction of emotional distress and conversion.

### BREACH OF CONTRACT

DEVCO's motion for summary judgment on the Oldenburgers' breach of contract claim was based on its contention that the Oldenburgers had anticipatorily repudiated the contract. They contended that the evidence established that the Oldenburgers' conduct conveyed an intent not to accept the home with the production model bathtub installed.

In determining whether there were undisputed facts to establish anticipatory repudiation as a matter of law, we are reviewing a record which is composed primarily of the parties' respective statements of fact filed in the trial court. These statements refer to deposition testimony which was apparently available to the trial judge in considering the motions. However, the deposition testimony itself was not appended to the motions and neither the excerpts nor the depositions in their entirety are part of the record on appeal. The record does contain correspondence between the Oldenburgers and DEVCO and an affidavit of Georgina Oldenburger.

This limited record must be viewed in a light most favorable to the party opposing the motion for summary judgment. *Sahf v. Lake Havasu City Ass'n for the Retarded and Handicapped,* 150 Ariz. 50, 53, 721 P.2d 1177, 1180 (App.1986). Where a party's statement of facts cites to deposition testimony and the opposing party does not dispute the accuracy of such statements, we may consider those facts as undisputed in determining whether summary judgment was properly granted. *See Gordinier v. Aetna Casualty and Surety Co.,* 154 Ariz. 266, 268 n. 2, 742 P.2d 277, 279 n. 2 (1987).

Anticipatory breach of contract exists where the repudiating party expresses a positive and unequivocal manifestation that he will not render the required performance when it is due. *Kammert Bros. Enterprises, Inc. v. Tanque Verde Plaza Co.,* 102 Ariz. 301, 428 P.2d 678 (1967); *Diamos v. Hirsch,* 91 Ariz. 304, 372 P.2d 76 (1962). In order for DEVCO and Del E. Webb Corporation to prevail on their contention that the Oldenburgers anticipatorily repudiated the sales agreement, they were required to present undisputed facts that the Oldenburgers conveyed an unequivocal intent to repudiate their purchase agreement if the home was furnished with the original production model bathtub. A mere implication that a party will not perform is not sufficient. *Rancho Pescado, Inc. v. Northwestern Mutual Life Ins. Co.,* 140 Ariz. 174, 680 P.2d 1235 (App.1984).

DEVCO's statement of facts in support of its motion included the assertion that Mrs. Oldenburger told Ann Loos, the DEVCO ombudsman, that she would not accept the house with the production model tub.

In addition, letters between the parties and statements made to the media are cited as a repudiation of the contract.

In response to DEVCO's motion, the Oldenburgers specifically controverted DEVCO's statement of facts concerning what Mrs. Oldenburger had stated to Ms. Loos. Attached to their response was the affidavit of Georgina Oldenburger stating "[t]hat at no time during my conversations with Ms. Loos did I state that the house being built was 'unacceptable' or that I would refuse to accept the home upon completion."

The Oldenburgers also relied upon Mrs. Oldenburger's letter to DEVCO on August 15, 1984 which stated that the Oldenburgers did not intend to cancel the sales agreement.

■ The record clearly indicates disputed facts concerning what Mrs. Oldenburger stated to Ms. Loos. These statements are relevant to whether the Oldenburgers' conduct can reasonably be treated as a clear and unequivocal repudiation of the contract. Mrs. Oldenburger's insistence upon getting a bathtub that she wanted cannot by itself be equated with stating that if she did not get the tub, she was not going to accept the home. Further, Mrs. Oldenburger's letter of August 15, 1984 which states "you have me over a barrel. I have absolutely no intention of canceling the contract" conveys the contrary inference, i.e., they would buy the home.

Assuming the applicability of the doctrine of anticipatory breach as a defense to the Oldenburgers' breach of contract claim, we find that there are disputed facts precluding summary judgment. Repudiation may be shown by language that under a fair reading "amounts to a statement of intention not to perform except on conditions which go beyond the contract." *Restatement (Second) of Contracts* § 250 comment b (1981). By itself, the parties' correspondence fails to establish repudiation. Moreover, there is a dispute as to what Mrs. Oldenburger told Ms. Loos. This factual dispute cannot be resolved on summary judgment. Also, when this alleged conversation took place is not clear from the record before us. Therefore, we do not determine whether the Oldenburgers' letter of August 15, 1984 could be deemed a withdrawal of that alleged repudiation.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

■ Every contract contains an implied covenant of good faith and fair dealing. *Wagenseller v. Scottsdale Memorial Hospital*, 147 Ariz. 370, 383, 710 P.2d 1025, 1038 (1985). The essence of that covenant "is that neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship." *Rawlings v. Apodaca*, 151 Ariz. 149, 153–54, 726 P.2d 565, 569–70 (1986).

Arizona courts have recognized tort recovery for breach of an implied covenant of good faith and fair dealing in cases involving insurance contracts. *See Noble v. National American Life Ins. Co.*, 128 Ariz. 188, 624 P.2d 866 (1981); *Sparks v. Republic National Life Ins. Co.*, 132 Ariz. 529, 647 P.2d 1127, *cert. denied*, 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982); *Rawlings*.

In *Rawlings*, our Supreme Court indicated that tort recovery may be appropriate where the plaintiff by contract seeks something more than commercial advantage or profit from the defendant such as service, security, peace of mind or protection. 151 Ariz. at 159, 726 P.2d at 575. The court also stated:

Analysis of the cases does lead to the conclusion that a tort action for breach of the implied covenant is more often recognized where the contract creates a relationship in which the law implies special duties not imposed on other contractual relationships. These relationships are 'characterized by elements of public interest, adhesion, and fiduciary responsibility.'

*Id.* 151 Ariz. at 158, 726 P.2d at 574. The court noted that such relationships have been held by other courts to include duties

of common carriers to carry passengers or goods safely, relationships between innkeepers and guests, physicians and patients, and attorneys and clients. *Id.* at 159, 726 P.2d at 575.

The Oldenburgers contend that the relationship between a home seller and purchaser is also a relationship giving rise to special duties, the breach of which creates an action in tort. They argue that the contract to purchase a home is one in which the buyer seeks something more than commercial advantage or profit and should be treated similarly to an insurance contract. The purchase of a home, they contend, represents a desire for intangibles such as security and emotional comfort.

The same argument can be made in connection with any consumer transaction in which a buyer attaches emotional significance to the item to be purchased. Unlike a purchaser of insurance, the home buyer is obtaining a tangible piece of property. The Oldenburgers have not presented persuasive arguments why contract damages are insufficient compensation for breaches in this kind of transaction.

Historically, the relationship between home seller and home buyer has not been associated with fiduciary duties. To the contrary, they have adverse interests—the seller to obtain the highest possible price and the buyer to pay the lowest possible price. Assuming even a difference in bargaining power between DEVCO and the buyers, a mere difference in bargaining power without more does not establish a basis for imposing fiduciary duties. Further, this seller-buyer relationship is not one in which either party voluntarily assumes responsibilities of special care or protection toward the other.

In *Rawlings*, the Arizona Supreme Court emphasized that it is frequently in the economic interest of an insurance company to breach a contract. By allowing a bad faith tort action to lie against insurance companies, the courts provide a substantial deterrent against such a breach. The court noted various factors peculiar to the insurance industry that create economic reasons for breach of insurance contracts. *See*

*also* Note, *Tort Remedies for Breach of Contract: The Expansion of Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing into the Commercial Realm,* 86 Colum.L.Rev. 377, 382–84 (1986). Although the Oldenburgers have argued that the extension of the tort would deter home sellers from breaching their contracts, this assertion has not been supported by persuasive arguments concerning factors unique to the home construction industry that are not also applicable to all consumer sales.

We find no fiduciary duties between a home seller and home buyer to justify a cause of action for bad faith breach of contract. Further, we have found no appellate decisions from other jurisdictions which extend the tort of bad faith breach of contract to a real estate purchase contract. We are not persuaded that the tort of bad faith should be extended to cover the contract involved in this litigation.

### RES JUDICATA

The judgment below does not indicate the basis for granting judgment in favor of DEVCO and Del E. Webb Corporation. Both defendants argued below that the dismissal of a justice court action brought by Mrs. Oldenburger was *res judicata* on the issues in this litigation. They now contend that although the order signed by the justice of the peace was "without prejudice," that language is erroneous. They argue that because the same order states that the written contract did not entitle Mrs. Oldenburger to interest on the monies that had been tendered to DEVCO, the judge was actually ruling on the merits and did not intend to dismiss "without prejudice."

A dismissal "without prejudice" by its very terms permits a new suit to be brought on the same cause of action. The clear weight of authority is that dismissal "without prejudice" has no *res judicata* effect. *See generally* 46 Am.Jur.2d *Judgments* §§ 484, 485 (1969). There is authority that where there are words in a judgment expressing an opinion on the merits and dismissing "without prejudice," the in-

**134**

consistency is resolved in favor of a dismissal without prejudice. *Id.* at § 486. We find the reasoning of these cases to be persuasive. *See generally,* Annot., 149 A.L.R. 553, 557–59 (1944).

Further, the statements contained in the justice court order relative to the merits pertained only to the Oldenburgers' claim of conversion against DEVCO, a claim which they have waived on appeal.

## DISMISSAL OF DEL E. WEBB CORPORATION

DEVCO is a wholly owned subsidiary of the Del E. Webb Corporation. The Oldenburgers contend that DEVCO's wrongful acts in cancelling the contract were made under the direct supervision, control and tacit approval of the parent company. There was evidence that Del E. Webb Corporation had authority to overrule any of DEVCO's decisions and actions but chose to take no action or express disapproval of DEVCO's actions toward the Oldenburgers.

While a parent corporation will be responsible for actions of its subsidiary when the subsidiary has become a mere instrumentality, *Steven v. Roscoe Turner Aeronautical Corp.,* 324 F.2d 157, 160 (7th Cir.1963), there is no evidence in this case that DEVCO's corporate existence had been so overshadowed by the parent corporation that it should be disregarded, or that to not disregard its existence would perpetrate a fraud. The judgment of the trial court dismissing Del E. Webb Corporation is affirmed.

## CONCLUSION

We find that issues of fact exist relative to the Oldenburgers' breach of contract claim. Therefore, summary judgment in favor of DEVCO on the breach of contract claim is reversed. We affirm summary judgment against the Oldenburgers on their claim for breach of the duty of good faith and fair dealing and on all claims in favor of Del E. Webb Corporation. No arguments were raised by the Oldenburgers for reversal of judgment on their claims for intentional infliction of emotional distress and conversion. Therefore, summary judgment on these claims is also affirmed.

The Oldenburgers' request for attorneys' fees is granted pursuant to A.R.S. § 12–341.01 and Rule 21(c), Arizona Rules of Civil Appellate Procedure, in an amount to be determined following submission of a statement of costs in accordance with Rule 21(c).

HAIRE and GREER, JJ., concur.