CITICAPITAL TECHNOLOGY FI-NANCE, INC.; General Electric Capital Corp.; CitiCapital Commercial Leasing Corp., Plaintiffs–Appellees,

v.

Grant H. GOODMAN, individually, and Grant H. Goodman and Teri B. Goodman, husband and wife, as guarantors/sureties, Defendants–Appellants.

No. 06–16423.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2008.

Filed May 23, 2008.

Susan M. Freeman, Esq., Lewis & Roca, LLP, David N. Ingrassia, Phoenix, AZ, for Plaintiffs–Appellees.

Grant H. Goodman, Grant H. Goodman, PLLC, Phoenix, AZ, for Defendants–Appellants.

Before: B. FLETCHER and RYMER, Circuit Judges, and DUFFY *, District Judge.

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

## MEMORANDUM **

Grant and Teri Goodman (collectively the "Goodmans") appeal the district court's grant of a deficiency judgment in favor of CitiCapital Technology Finance, Inc. and General Electric Capital Corporation following the sale of repossessed equipment pursuant to the default provisions of the Goodmans' leases. The Goodmans argue that: (1) the sale of the equipment was not done in a commercially reasonable manner; (2) the liquidated damages clauses were unenforceable; (3) CitiCapital and General Electric had anticipatorily repudiated the leases; and (4) the district court should have allowed Grant Goodman to testify as to certain matters.

■ Contrary to the Goodmans' assertion, there is ample evidence in the record demonstrating that the sale was done in a commercially reasonable manner as it was conducted in the usual manner in the recognized market of Ontario, California through public auctions and private sales following extensive marketing efforts. ARIZ.REV.STAT. § 47–9627(B). Also, the liquidated damages provisions of the leases were enforceable as reasonable forecasts of anticipated damages, *Fraser v. United States*, 261 F.2d 282, 286–87 (9th Cir.1958), and such damages were properly calculated. Moreover, the Goodmans' anticipatory repudiation argument lacks merit as the record does not show that CitiCapital and General Electric affirmatively and unequivocally expressed an intent to not perform their obligations. *Oldenburger v. Del E. Webb Dev. Co.*, 159 Ariz. 129, 765 P.2d 531, 533 (1988). Finally, the district court did not abuse its discretion in precluding Grant Goodman from testifying either to legal matters and arguments, or to his opinions of the value of the repossessed property, as he was neither the owner of the property nor disclosed as an expert. *See McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir.1999) (stating that witnesses may not testify as to issues of law); *In re Enewally*, 368 F.3d 1165, 1173 (9th Cir.2004) (stating that owners may give opinions as to the value of their property).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

