NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JASON THORNTON,
*Plaintiff/Appellant,*

*v.*

ALEXIS BETHEL,
*Defendant/Appellee.*

No. 1 CA-CV 19-0733

FILED 10-13-2020

Appeal from the Superior Court in Maricopa County
No. CV2019-054145
The Honorable Steven K. Holding, Judge *Pro Tempore*, *Retired*

**VACATED AND REMANDED**

COUNSEL

Jason Thornton, Peoria
*Plaintiff/Appellant*

The Sampair Group, PLLC, Glendale
By Patrick S. Sampair
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge D. Steven Williams and Judge David D. Weinzweig joined.

---

**T H U M M A**, Judge:

¶1        Jason Thornton appeals from the superior court's dismissal of his petition for an injunction against harassment against Alexis Bethel, as well as a $100 sanction the court imposed on him and a resulting award of attorneys' fees. Because the court erred in dismissing Thornton's petition, and in imposing sanctions and awarding attorneys' fees, those orders are vacated, and this matter is remanded for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2        One morning in August 2019, Thornton petitioned for an injunction against harassment against Bethel in the Arrowhead Justice Court. This First Petition described four incidents of harassment, one of which was when Bethel sent a disturbing text message to Thornton. The First Petition included the date of the text message but did not describe the substance of the message. At the *ex parte* hearing, the Justice Court did not consider the text message because it was not described in the First Petition. Finding the remaining three allegations did not meet the standard required to grant a petition for injunction, the Justice Court dismissed Thornton's petition, doing so without prejudice.

¶3        On the afternoon of that same August 2019 day, Thornton filed a second petition for injunction against harassment in the Superior Court in Maricopa County. This Second Petition alleged the same four incidents but also quoted the text message. At the *ex parte* hearing, the superior court found the Second Petition demonstrated reasonable cause to believe Bethel harassed Thornton and granted Thornton's requested injunction against harassment. After Bethel was served with the injunction, she requested a contested hearing. *See* Ariz. R. Prot. Ord. P. 38(a) (2020).[1]

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶4            At the contested hearing, Bethel argued the Second Petition was barred by *res judicata* because both petitions stemmed from the same set of allegations. Bethel also argued Thornton abused the judicial process by judge shopping, evidenced by the fact Thornton filed the Second Petition in a court across town. Thornton stated he drove to a court across town because he had other business to attend to in the area. After hearing both parties, the court dismissed Thornton's Second Petition, finding it was barred by *res judicata.* The court also found Thornton was judge shopping and imposed a $100 sanction and awarded Bethel $2,500 in attorneys' fees.

¶5            This court has jurisdiction over Thornton's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶6            This court reviews a ruling on a petition for an injunction against harassment for an abuse of discretion. *See LaFaro v. Cahill*, 203 Ariz. 482, 485 ¶ 10 (App. 2002). An injunction against harassment is governed by the Arizona Rules of Protective Order Procedure. Rule 4(c). A plaintiff may petition for a protective order with any municipal, justice, or superior court judicial officer, regardless of the parties' residence. Rule 6(c). "The number of times a plaintiff may request a protective order is not limited." Rule 10(a).

¶7            Under the doctrine of *res judicata*, a claim is precluded when a party has brought an action and a final, valid judgment is entered after adjudication or default. *Circle K Corp. v. Indus. Comm. of Ariz.*, 179 Ariz. 422, 425 (App. 1993). Dismissal without prejudice has no *res judicata* effect. *Oldenburger v. Del E. Webb Dev. Co.*, 159 Ariz. 129, 133 (App. 1988). Even where there are words in a judgment dismissing without prejudice that express an opinion on the merits, the inconsistency is resolved in favor of a dismissal without prejudice. *Id.* at 133-34.

¶8            The Justice Court dismissed the First Petition without prejudice, so it does not have a *res judicata* effect. Accordingly, the superior court erred in dismissing the Second Petition based on *res judicata.* Nor was Thornton prohibited from refiling his petition in front of a different court or judicial officer. Rules 6(c), 10(a). For these same reasons, the court erred in imposing the $100 sanction on Thornton and awarding Bethel $2,500 in attorneys' fees.

**CONCLUSION**

**¶9**        The superior court's dismissal of Thornton's Second Petition, the corresponding sanction order and award of attorneys' fees, are vacated and this matter is remanded for further proceedings on the merits of the Second Petition.



AMY M. WOOD • Clerk of the Court
FILED:    AA