NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

KENDELL SPARKS, *Plaintiff/Appellant*,

*v.*

JOHN CHRISTOPHER COBB, *Defendant/Appellee*.

No. 1 CA-CV 23-0102
FILED 4-23-2024

---

Appeal from the Superior Court in Maricopa County
No. CV2022-013391
The Honorable Brian Kaiser, Commissioner

**AFFIRMED**

---

COUNSEL

Crider Law PLLC, Mesa
By Brad J. Crider
*Counsel for Plaintiff/Appellant*

Udall Shumway PLC, Mesa
By Steven H. Everts
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge James B. Morse Jr. joined.

---

**C A T L E T T**, Judge:

¶1        Kendell Sparks ("Mother") petitioned to change her daughter's ("Child") last name to include Mother's maiden name (Sparks). After hearing testimony and considering other evidence, the superior court denied Mother's petition "without prejudice."  On appeal, Mother argues only that the court violated her due process rights by not allowing Child to testify during the hearing.  But, contrary to that argument, Mother agreed that Child would not testify.  Mother never subsequently sought to call Child as a witness or make a due process argument to the superior court. Mother, therefore, has waived the only argument she makes on appeal, and we affirm the superior court's judgment.

**FACTS AND PROCEDURAL HISTORY**

¶2        Mother and Father had Child during their marriage.  Now divorced, Mother and Father share legal decision-making authority over Child.  When Child was eight years old, Mother petitioned to change Child's last name from "Cobb" to "Sparks-Cobb."  Father objected, so the superior court scheduled a hearing to resolve Mother's petition.

¶3        Before that hearing, Father submitted a motion requesting that the court not permit Child to testify. When the hearing began, the court asked if the parties planned to have Child testify.  Mother's counsel responded that she thought Child should testify about Child's preference regarding her name, which would allow the court to determine whether Child was mature enough to decide for herself.  But Mother's counsel also indicated that she was open to a compromise.  Father's counsel thought it would be "inappropriate" for Child to testify but acknowledged the court might need her testimony to make a credibility determination.

¶4        The court explained that, based on its family court experience, "having a kid testify with Mom and Dad in the courtroom is probably the worst possible idea on planet Earth."   Mother's counsel responded, "Agreed."  The court also stated that given Child's age, her preference was

"of relatively low importance in comparison to the other factors." The court indicated a willingness to interview Child but provided an alternative option—both parents could testify as to Child's previous statements and preferences.

¶5            After offering that option, the court asked if Mother still wanted Child to testify. Mother's counsel conferred with Mother and then stated, "So long as Mom's testimony is considered for the child's desire, then we're fine with the child not testifying." After further discussion about how the parties could proffer Child's out-of-court statements, the court suggested Mother and Father could "stand[] in for the child" and that they would not make hearsay objections to exhibits reflecting Child's writings. Mother did not object nor did she subsequently make any additional requests for Child to testify. Notably, Mother never suggested that the hearing would violate Mother's due process rights without Child's testimony.

¶6            Mother offered documents where Child wrote "Sparks Cobb" or "S.C." for her last name and provided Child's handwritten reasons for why she wanted to change her last name. Father offered exhibits where Child wrote only "Cobb" or "C." for her last name.

¶7            Mother then testified. She began by explaining that she had wanted Child to testify so the court could hear Child's reasons for changing her last name to Sparks-Cobb. Mother then explained those reasons. Mother testified that Child "doesn't feel it's fair to have one name or the other" and that Father said he would "never" let her add "Sparks" to her last name. Mother also testified that, on one occasion, Mother had difficulty picking up Child from daycare because Child does not share Mother's last name. Father testified that he recently learned of the name issue and that Child "want[s] to do this to please both of her parents as a peacekeeper."

¶8            After the testimony, the court discussed the six factors relevant to a juvenile name-change petition, found Mother "failed to meet her burden," and denied the petition "without prejudice." The court advised Mother and Father to "have a discussion . . . and reach some kind of a conclusion" while considering the "team effort to try to help this child grow up in the best way possible."

¶9            Mother did not file a post-hearing motion arguing that the superior court violated her due process rights. Mother instead appealed. This court stayed the appeal to allow the superior court to issue a signed order with Rule 54(c) finality language. After the superior court signed

such an order, indicating it was a final judgment and that no further matters remained pending, this court lifted the stay.

## JURISDICTION

**¶10**          Though Father does not challenge our jurisdiction, "we are obligated to examine our jurisdiction over an appeal." *Kool Radiators, Inc. v. Evans*, 229 Ariz. 532, 534 ¶ 8 (App. 2012) (alterations and citation omitted). The court indicated in its ruling that it denied Mother's petition "without prejudice," but it later included finality language. "The general rule is that an appeal lies only from a final judgment." *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304 (App. 1991); *see also* A.R.S. § 12-2101. Rule 54(c) finality language "does not render an otherwise non-appealable order or judgment appealable as a final judgment." *Brumett v. MGA Home Healthcare, LLC*, 240 Ariz. 420, 426 ¶ 6 (App. 2016). Typically, when the superior court "express[es] an opinion on the merits and dismiss[es] 'without prejudice,' the inconsistency is resolved in favor of a dismissal without prejudice." *Oldenburger v. Del E. Webb Dev. Co.*, 159 Ariz. 129, 133-34 (App. 1988).

**¶11**          But this case is not one where the superior court merely expressed an opinion on the merits. The court, here, decided the merits. The court heard testimony, admitted other evidence, and made factual findings. The court most likely included the "without prejudice" language so that the ruling would not preclude a future name-change application. Regardless, because the ruling fully adjudicated Mother's name-change petition on the merits, it is a final judgment. We have jurisdiction under A.R.S. § 12-2101(A).

## DISCUSSION

**¶12**          Mother argues only that the court denied her due process because Child "was not allowed to testify" at the name-change hearing. "We review constitutional questions, including compliance with due process, *de novo*." *Ariz. Dep't of Transp. v. Ariz. Motor Vehicle, LLC*, 255 Ariz. 139, ___ ¶ 14 (App. 2023).

**¶13**          Mother claims the superior court "exclud[ed]" Child's testimony and implies it granted a protective order. Mother's characterization is inaccurate and misleading.[1] True, the court expressed a strong preference that Child would not testify in front of her parents, but it

---

[1]          Mother also did not comply with Arizona Rule of Civil Appellate Procedure 13(a)(4), (5) by failing to cite the record in her "Statement of the Case and Facts."

never issued a protective order (or any order) saying whether Child could or could not testify; nor did the court "exclud[e]" Child from testifying. By claiming otherwise, Mother gives the impression that she formally sought to call Child as a witness during the hearing and that the court issued an order stopping her from doing so. Neither happened.

**¶14** To the contrary, Mother stated she was open to a compromise and ultimately agreed to the court's suggestion that both parents would testify, and neither would object to other hearsay evidence reflecting Child's position on the requested name change. Mother did not subsequently seek to call Child as a witness or make a due process objection during the hearing. Following the hearing, Mother did not move for reconsideration or a new trial based on due process concerns.

**¶15** Because Mother agreed Child would not testify, did not later seek to call Child as a witness, and did not argue due process to the superior court, she has waived the only issue she presents on appeal. *See In re Maricopa Cnty. Mental Health No. MH2009-002120*, 225 Ariz. 284, 287 ¶ 7 (App. 2010) ("We generally do not consider issues, even constitutional issues, argued for the first time on appeal."); *State v. Armstrong*, 208 Ariz. 345, 357 n.7 ¶ 59 (2004) (stating that the invited error doctrine exists to prevent a party from injecting error into the record and then profiting from that error on appeal); *In re MH–1140–6–93*, 176 Ariz. 565, 568 (App. 1993) (finding alleged due process violations were waived as arguments because they were raised for the first time on appeal).

**ATTORNEY FEES**

**¶16** Father requests attorney fees and costs under Arizona Rule of Civil Appellate Procedure 25. Under that Rule, we "may impose sanctions on . . . a party" if an appeal is "frivolous" or for violating the Rules of Civil Appellate Procedure. Ariz. R. Civ. App. P. 25. Frivolous means groundless. *Rogone v. Correia*, 236 Ariz. 43, 50 ¶ 22 (App. 2014).

**¶17** Mother's appeal is groundless. Mother fails to cite the record appropriately and mischaracterizes parts of the record. Mother's opening brief omits that she agreed to the court's suggestion. Mother also does not acknowledge that the court allowed Mother to testify about statements Child had purportedly made about the requested name change and to offer other evidence reflecting Child's reasons for seeking a name change. And Mother does not expressly acknowledge that she never changed her mind and later asked to call Child as a witness, or that she did not make a due process objection during or after the hearing. We, therefore, sanction

Mother by awarding Father a portion of his reasonable attorney fees and costs on appeal. We will determine the appropriate amount of the award upon Father's compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶18        We affirm the superior court's judgment.

