HENDRY, Chief Judge.
The City of Miami Beach appeals from a final judgment entered pursuant to a directed verdict in favor of the defendants, Championship Sports, Inc. and Fidelity and Deposit Company of Maryland, as Surety, in a jury trial for breach of a lease.
Championship Sports, Inc. entered into a lease with the City of Miami Beach to rent the Miami Beach Convention Hall for the purpose of world heavyweight championship boxing “and for no other purpose whatsoever without the written consent of the lessor endorsed on this lease for the term of one day.” The lessee agreed to pay Ten Thousand Dollars flat rental payable on the night of the event. Clause 18 of the lease reads as follows:
“If the lessee, being entitled to possession hereunder, shall fail for any reason to take possession, no rent refund shall be made and the full rent called for *585 by this lease, including any disbursements or expenses incurred by lessor in connection therewith, shall be payable by the lessee to the lessor, as liquidated damages, and not by way of penalty.”
As a condition to the execution of the lease, a performance bond of Ten Thousand Dollars was furnished by the Fidelity and Deposit Company of Maryland.
The fight between the then world heavyweight champion, Sonny Liston, and his opponent, Floyd Patterson, was originally scheduled for April 4, 1963 and the hall was rented for that day. The fight was rescheduled for April 10, 1963, and the parties to the lease consented to change the lease to that day.
Some time prior to the date set for the fight, the Miami Beach Boxing Commission was informed that Sonny Liston had returned to Chicago, Illinois to rest his knee and to be treated by physicians. According to its rules and regulations, the Commission ordered Sonny Liston to return to Miami Beach to be examined by a physician appointed by the Commission.
Following the examination, a letter dated March 20, 1963, signed by the two examining physicians, was forwarded to the Commission which reads:
“The undersigned have, on this day examined Sonny Liston with particular regard to his left knee. We have found unmistakable evidence of injury to the mesial semi-lunar cartilage and feel that it would be unwise for him to participate in the championship heavyweight boxing match scheduled for April 10, 1963.
“In addition, it is our opinion that this knee should have the benefit of a surgical procedure and that, if such is done, a period of at least six months should elapse before he might be in shape to indulge in any scheduled boxing match.”
Based upon this advice, the Commission postponed the fight and requested that the World Boxing Association place Sonny Liston on the ill and unavailable list. The City of Miami Beach which had sold tickets to the fight refunded all monies collected.
The vice president and general manager of Championship Sports, Inc., testified that no request was made to change the lease again to another date because by refunding the money on advance sales the City was not postponing the fight but cancelling it. There is evidence in the record that the fight did take place at some future date in Las Vegas, Nevada.
The parties on appeal argue the concept of impossibility of performance due to the injury to the principal contestant, Sonny Liston, and due to the interference of one of the parties, i. e., the City’s refusal to allow Sonny Liston to fight. However, neither of the promised performances ever became impossible. Championship Sports, Inc., covenanted to pay rent and the City promised to convey a lease-hold property interest and delivery of possession.
The real issue is whether the frustration of Championship Sports’ ultimate object in taking the lease caused by a disabling injury to Sonny Liston operated as a discharge of its duty to pay rent?
Championship Sports contends that the City itself caused the supervening event that frustrated its purpose by refusing to permit Sonny Liston to fight with knowledge that this was the only purpose of obtaining the lease. Thus, it is alleged that the City as lessor, can not be heard to-demand damages for refusal to pay rent.
It is true that if one of the parties wilfully or negligently caused material frustration of purpose then that party should bear the burden of the loss.[1] *586 We can not, however, agree that the City caused the frustration of purpose.
The law of the State of Florida under which the lease was drawn and which lessee agreed to comply with requires that it be certified by a physician that the boxer is physically fit to engage in the proposed contest.[2] Examining physicians advised the Miami Beach Boxing Commission that they found unmistakable evidence of injury to Sonny Liston’s left knee. Further, that should the injury be corrected by surgery a period of six months should elapse before Sonny Liston might be physically fit to engage in a boxing match. Based upon this advice, Sonny Liston was not permitted to fight. It is nowhere contended that the physicians’ advice was erroneous. Championship Sports does not contest the fact that Sonny Liston did sustain a disabling injury and was not physically fit to engage in the boxing match.
We must conclude that the contention that the City caused the frustration of lessee’s purpose is without any merit. The evidence in this record indicates that there was a disabling injury to Sonny Liston and that the City, under the laws of the State, had a duty to see to it that he did not engage in the boxing match. The supervening event which caused the frustration was the disabling injury to Sonny Liston. What remains to be discussed is who should bear the risk of loss.
An excellent discussion of the doctrine of frustration was written by Justice Traynor of the Supreme Court of California.[3] Justice Traynor states that the doctrine was first recognized by the courts of England but thereafter its soundness was questioned by those courts and they have refused to apply the doctrine to leases on the ground that an estate is conveyed to the lessee, which carries with it all risks. It was also noted that many courts of the United States have held that the tenant bears all the risks as owner of the estate but the modern cases have recognized that the defense may be available in a proper case, even in a lease.[4]
Presently the general rule is that whether the frustration of the tenant’s purpose operates in discharge of his duty to pay rent depends upon all the circumstances of a given case.[5] Justice Traynor states that:
“The purpose of a contract is to place the risks of performance upon the promisor, and the relation of the parties, terms of the contract, and circumstances surrounding its formation must be examined to determine whether it can be fairly inferred that the risk of the event that has supervened to cause the alleged frustration was not reasonably foreseeable. If it was foreseeable there should have been provision for it in the contract, and the absence of such a provision gives rise to the inference that the risk was assumed.” [6]
Clause 18 of the lease, supra, provides that the lessee shall bear the risk of loss. There is no provision in the lease excepting the risk of a disabling injury to one of the boxers and there is nothing in the record to prove that such an injury was an unanticipated circumstance wholly outside the contemplation of the parties.
As the risk of loss was upon the lessee, and in the absence of a provision excepting the risk of a disabling injury or proof that such an injury was unanticipated, we must hold that the lower court erred in granting the defendant’s motion for a directed verdict and in failing to grant the City’s motion for a directed verdict on the issue of *587 liability for damages for failure to pay rent under the lease. Therefore, the judgment appealed is reversed and the cause remanded for further proceedings consistent with the views expressed herein.
Reversed and remanded.

. 6 Corbin, Contracts § 1354 at 459 (1962).

. § 548.04 Fla.Stat., F.S.A.

. Lloyd v. Murphy, 25 Cal.2d 48, 153 P.2d 47 (1944).

. Id., 153 P.2d at 49.

. Id., 153 P.2d at 50; supra note 1, § 1356 at 471.

. Supra note 3, 153 P.2d at 50.