316 P.3d 598

**NEXT GEN CAPITAL, LLC,**
Plaintiff/Appellee,

v.

**CONSUMER LENDING ASSOCIATES, LLC, dba "Loan 'N Go" or "American Loan 'N Go", Defendant/Appellant.**

No. 1 CA–CV 12–0624.

Court of Appeals of Arizona,
Division 1.

Dec. 19, 2013.

Polsinelli Shughart, P.C., By, Andrew S. Jacob, Andrew B. Turk, Phoenix, Counsel for Defendant/Appellant.

Molever Conelly PLLC, By Loren Molever, Scottsdale, Counsel for Plaintiff/Appellee.

## OPINION

PORTLEY, Judge.

¶ 1 Consumer Lending Associates, L.L.C. ("CLA") challenges the summary judgment granted in favor of Next Gen Capital, L.L.C. ("Next Gen") on a breach of lease claim. Finding no genuine dispute of material fact or legal error, we affirm the judgment.

## BACKGROUND

¶ 2 CLA, a Nevada company, is engaged in the business of transferring money, whether by cashing checks or making short-term loans. CLA entered into a commercial lease in Arizona in June 2007 with the predecessor to Next Gen.[1] The five-year lease contained a provision that limited CLA's primary use of the premises to short-term loans and check cashing, and its ancillary use to money transfers.

¶ 3 CLA was operating under statutes authorizing "deferred presentment companies," colloquially known as "payday loans" pursuant to Arizona Revised Statutes ("A.R.S.") sections 6–1251 to –1263.[2] The statutes authorizing payday loans, however, expired on July 1, 2010, by its sunset provision. 2000 Ariz. Sess. Laws, ch. 141, § 3 (2d Reg.Sess.); A.R.S. § 6–1263 ("The deferred presentment licensing program established by this chapter ends on July 1, 2010 pursuant to § 41–3102."). Upon expiration of the authorizing statute, CLA promptly vacated the premises.

---

1. Next Gen was substituted as the plaintiff after it purchased the property from Gilbert University SE DEV Investors, L.L.C. *See* Ariz. R. Civ. P. 25(d).

2. We cite to the statutes as they appear in 2013, while recognizing that the deferred presentment licensing program ended July 1, 2010.

Next Gen demanded that CLA pay rent due through the end of the lease term, but CLA refused and claimed the lease had terminated "by operation of Arizona law."

¶ 4 Next Gen sued CLA for breach of contract and claimed damages. CLA answered and asserted defenses, including frustration of purpose and failure to mitigate damages. Next Gen subsequently moved for summary judgment and argued that CLA was liable for unpaid rent and related charges until the end of the lease term. After briefing and argument, the superior court granted the summary judgment motion.

¶ 5 CLA then filed a motion for new trial and argued that factual issues precluded summary judgment and Next Gen had the burden to establish mitigation of damages. The court denied the motion[3] and entered judgment awarding Next Gen $144,899.06 in damages, plus interest, attorneys' fees and costs.

## DISCUSSION

### I.

¶ 6 CLA argues that the doctrine of frustration of purpose excuses its breach. Because the issue is a question of law, we review it de novo. *See 7200 Scottsdale Rd. Gen. Partners v. Kuhn Farm Mach., Inc.,* 184 Ariz. 341, 347, 909 P.2d 408, 414 (App. 1995) ("Whether a party to a contract is entitled to relief under the doctrine of frustration of purpose is generally treated as a question of law.").

¶ 7 We recognize that the doctrine of frustration of purpose is "essentially an equitable doctrine." *Id.* Moreover, long ago we recognized that the doctrine "has been severely limited to cases of extreme hardship so as not to diminish the power of parties to contract, and . . . have required proof from the party seeking to excuse himself that the supervening frustrating event was not reasonably foreseeable." *Garner v. Ellingson,* 18 Ariz.App. 181, 183, 501 P.2d 22, 24 (1972) (citing *Lloyd v. Murphy,* 25 Cal.2d 48, 153 P.2d 47, 50 (1944).)

¶ 8 In *7200 Scottsdale Road General Partners,* we examined Restatement (Second) of Contracts § 265 (1981), "particularly comment a," to determine whether the party claiming frustration of purpose has demonstrated that the duty has been discharged. 184 Ariz. at 347–48, 909 P.2d at 414–15. Following the comments to § 265, we found four requirements that must exist before relief may be granted for frustration of purpose. *Id.* at 348, 909 P.2d at 415. First, the frustrated purpose "must have been a principal purpose of that party" and must have been so within the understanding of both parties. *Id.* (quoting Restatement (Second) of Contracts § 265 cmt. a (1981)). Second, the frustration "must be so severe that it is not to be regarded as within the risks assumed . . . under the contract." *Id.* (quoting Restatement (Second) of Contracts § 265 cmt. a (1981)). Third, "the non-occurrence of the frustrating event must have been a basic assumption [on which the contract was made]." *Id.* (quoting Restatement (Second) of Contracts § 265 cmt. a (1981)). And, finally, "relief will not be granted if it may be inferred from either the language of the contract or the circumstances that the risk of the frustrating occurrence, or the loss caused thereby, should properly be placed on the party seeking relief." *Id.* (citing Restatement (Second) of Contracts § 265 cmts. b & c (1981)).

¶ 9 Here, the superior court found that CLA could not satisfy the third requirement because it knew or should have known that the statute it was operating under would expire on July 1, 2010. We agree.

¶ 10 When CLA entered into the lease in 2007, the statute authorizing the payday loan business stated it would expire on July 1, 2010. A.R.S. § 6–1263. CLA, as a result, had notice that, absent further legislative action, it could not continue to operate past that date. *See Pioneer Trust & Sav. Bank v. Zonta,* 74 Ill.App.3d 614, 30 Ill.Dec. 512, 393 N.E.2d 548, 551 (1979) ("The parties are

---

**3.** The superior court did not sign the denial of the motion for new trial. After revesting jurisdiction to the superior court to allow the court to sign the minute entry, the court signed a minute entry denying the new trial on October 7, 2013.

presumed to know the law at the time the lease is made."); *see also Hoff v. Sander,* 497 S.W.2d 651, 653 (Mo.Ct.App.1973) ("In the eyes of the law plaintiffs did know of the zoning restrictions [and] are therefore precluded from contending they, or defendant, were mistaken about the permissible use of the premises."). Moreover, the lease did not acknowledge the scheduled expiration of the payday loan statute or otherwise allow the lease to terminate if the law expired as it was intended to when the provisions became law. And, there was no intervening legislative action that extended or continued the law past July 1, 2010.

¶ 11 It is clear that it was reasonably foreseeable in 2007 that CLA would have to end its payday loan operation in Arizona by July 1, 2010. Although the parties could have contracted around the statute, they did not. Under the circumstances, the frustration of purpose doctrine does not apply. *See Mohave Cnty. v. Mohave–Kingman Estates, Inc.,* 120 Ariz. 417, 422–23, 586 P.2d 978, 983–84 (1978) (holding frustration of purpose inapplicable because the risk of a change in the zoning ordinance was reasonably foreseeable and one defendant could have contracted against it); *see also City of Miami Beach v. Championship Sports, Inc.,* 200 So.2d 583, 586–87 (Fla.Dist.Ct.App.1967) (holding a lessee liable for rent in the absence of evidence that a disabling injury to a boxer was unanticipated). Consequently, the superior court did not err when it determined that the frustration of purpose doctrine did not allow CLA to escape its obligation under the lease.[4]

## II.

### A.

¶ 12 CLA also argues that a genuine issue of material fact exists as to whether Next Gen made reasonable efforts to mitigate its damages. We disagree.

¶ 13 "A basic principle of the law of damages is that one who claims to have been injured by a breach of contract must use reasonable means to avoid or minimize the damages resulting from the breach." *W. Pinal Family Health Ctr., Inc. v. McBryde,* 162 Ariz. 546, 548, 785 P.2d 66, 68 (App.1989). Because CLA was the breaching party, CLA "ha[d] the burden of proving that mitigation was reasonably possible but not reasonably attempted." *Fairway Builders, Inc. v. Malouf Towers Rental Co.,* 124 Ariz. 242, 255–56, 603 P.2d 513, 526–27 (App.1979) (applying the mitigation doctrine to a construction contract and holding, as a matter of law, that the appellant failed to meet its burden of proof on mitigation).

¶ 14 To support its summary judgment motion, Next Gen submitted the affidavit of Pamela Johns ("Johns"), which included a spreadsheet detailing her calculation of $144,899.06 in damages. Johns stated that Next Gen had rented the abandoned premises to another tenant, thereby mitigating its damages by $6,276.34, and that the efforts to re-lease the premises cost Next Gen $4,810.00 in commissions.

¶ 15 CLA challenged the damages claim. CLA, however, did not submit any conflicting evidence. Although CLA subsequently argued that Next Gen had the burden to demonstrate that it made reasonable efforts to market the premises before moving an existing tenant into the vacant premises, CLA did not submit any evidence that Next Gen failed to take reasonable steps and that further mitigation was probable. *See State ex rel. Corbin v. Challenge, Inc.,* 151 Ariz. 20, 26, 725 P.2d 727, 733 (App.1986) ("Conclusory statements are simply insufficient to raise any genuine issues of material fact under Rule 56(e), Arizona Rules of Civil Procedure."); *see generally* Ariz. R. Civ. P. 56(e)(4) (noting that the adverse party's affidavit must "set forth specific facts showing a genuine issue for trial"). Accordingly, because there was no genuine issue of material fact, summary judgment was appropriate. *See GM Dev. Corp. v. Cmty. Am. Mortgage Corp.,* 165 Ariz. 1, 8, 795 P.2d 827, 834 (App. 1990) (holding that an uncontradicted affidavit describing the plaintiff's efforts to mitigate discharged the movant's burden and supported the grant of summary judgment); *see also Wingate v. Gin,* 148 Ariz. 289, 292,

---

**4.** Our holding obviates the need to consider CLA's other arguments.

714 P.2d 459, 462 (App.1985) (granting summary judgment based upon uncontroverted evidence of the landlord's reasonable efforts to re-lease).[5]

### B.

 ¶ 16 Notwithstanding its failure to submit mitigation evidence, CLA argues that Next Gen had the burden to prove that it mitigated its damages. Arizona courts, however, have consistently placed the burden of proof on the breaching party. *Fairway Builders, Inc.*, 124 Ariz. at 255, 603 P.2d at 526; *see Stewart Title & Trust of Tucson v. Pribbeno*, 129 Ariz. 15, 16, 628 P.2d 52, 53 (App.1981) (placing the burden on the breaching party to demonstrate that mitigation—the reasonable effort to rent at fair rental value—was probable); *see Circle K Corp. v. Rosenthal*, 118 Ariz. 63, 69, 574 P.2d 856, 862 (App.1977) (holding that the defendant failed to demonstrate that the plaintiff had behaved unreasonably); *see also Barnes v. Lopez*, 25 Ariz.App. 477, 481, 544 P.2d 694, 698 (1976) (holding that the breaching party must show that mitigation was "probable" and that evidence of a mere failure to act was "no defense"). Because we have consistently stated that the breaching party has the burden of proof, we will continue to follow our precedents.

¶ 17 On appeal, CLA alternatively contends that the burden only shifts to CLA once Next Gen discharges an initial burden of production. Because CLA failed to raise the argument in the superior court, we decline to consider it. *See Lemons v. Showcase Motors, Inc.*, 207 Ariz. 537, 541 n. 1, ¶ 17, 88 P.3d 1149, 1153 n. 1 (App.2004).

¶ 18 Both parties request attorneys' fees and costs on appeal. Because CLA did not prevail on appeal, we deny its request. We, however, award Next Gen its reasonable attorneys' fees pursuant to A.R.S. § 12–341.01 (West 2013) and costs on appeal in accordance with the lease upon compliance with ARCAP 21(a) and (c).

---

5. As in *National Bank of Arizona v. Thruston*, 218 Ariz. 112, 119, ¶ 27, 180 P.3d 977, 984 (App. 2008), Next Gen was not required to present evidence negating an affirmative defense by the

### CONCLUSION

¶ 19 We affirm the judgment granted to Next Gen.

---

non-moving party. Furthermore, Next Gen did point out to the superior court the absence of evidence to support CLA's defense. *See id.* at ¶¶ 28–29.