NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

WESTCOR SANTAN VILLAGE, LLC, *Plaintiff/Appellee*,

*v.*

AZ ROOT BAR, LLC, et al., *Defendants/Appellants*.

No. 1 CA-CV 21-0357
FILED 5-24-2022

---

Appeal from the Superior Court in Maricopa County
No.  CV2019-055421
The Honorable Sally Schneider Duncan, Judge

**AFFIRMED**

---

COUNSEL

Greenbriar Law PLC, Phoenix
By Walid A. Zarifi
*Counsel for Defendants/Appellants*

Parker Law Team PLLC, Phoenix
By Katherine O. Cheney
*Counsel for Plaintiff/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Randall M. Howe and Judge James B. Morse Jr. joined.

**C A M P B E L L**, Judge:

**¶1**         AZ Root Bar, LLC appeals the grant of summary judgment to Westcor Santan Village, LLC on its claims for breach of a commercial lease.[1] Root Bar contends the superior court erred by awarding Westcor unenforceable penalties and by granting summary judgment without sufficient evidence that Westcor had mitigated its damages. We reject both arguments and affirm.

### BACKGROUND

**¶2**         Root Bar and Westcor signed a multi-year commercial lease effective June 21, 2018, intending that Root Bar would open a hair salon.[2] Under the lease, Root Bar agreed to pay Westcor "*Fixed Minimum Rent*" of $4,756.33 monthly, or $57,076.00 annually, with a 3% increase each January. Root Bar also agreed to pay fixed costs in the amount of $22,530 annually, or $1,877.50 monthly, with a 5% increase each January, as well as an unspecified amount of variable costs. The lease called for Root Bar to open within 90 days after delivery of the premises and to operate continuously thereafter. In the event Root Bar halted operations, Westcor had the right to collect an additional amount equal to 100% of the fixed minimum rent for each day Root Bar was closed (increased fixed minimum rent).

**¶3**         The lease defined default as, among other things, Root Bar's failure to pay rent, failure to open timely, or vacation or abandonment of the premises. The lease gave Westcor the right to collect interest on any unpaid rent at the prime commercial rate of interest plus 2% per year and monthly service charges equal to 10% of the overdue amount. The lease defined "Rent" broadly to include "Fixed Minimum Rent" and "Additional

---

[1]     Jonathan Biros, Dana Marie Bearinger, Charles Woo, and Suanne E. Woo, guarantors to Root Bar's obligations under the lease, are listed in the notice of appeal as additional appellants.

[2]     The lease agreement states that the term is for five years. Both parties seem to agree that the term was for three years.

Rent," with "Additional Rent" meaning other amounts payable under the lease. In the event of a default, Westcor could terminate possession, without terminating the lease, and recover all rent due for the remainder of the term, subject only to its duty to mitigate damages. Westcor could also terminate possession and the lease, with specified damages including unpaid rent and other fees.

**¶4** It is undisputed that Root Bar never commenced operations and surrendered possession of the premises before the lease's term expired. Westcor sued Root Bar in June 2019 seeking $337,094.64 in unpaid rent for the remaining term of the lease as well as interest and late charges through June 7, 2019. Westcor later moved for summary judgment, advising the court it had found a "replacement" tenant and requesting $205,086.96 in damages. The requested damages included fixed minimum rent and additional rent through December 2020, interest and service charges accrued through September 18, 2020, and a credit for rent paid and expected to be paid by the replacement tenant through December 2020. Westcor specifically advised that its summary judgment damage request did not include increased fixed minimum rent.

**¶5** Ultimately, the superior court awarded Westcor the amount of damages it requested, $205,086.95. After entry of final judgment, Root Bar timely appealed.

## DISCUSSION

**¶6** Root Bar challenges the grant of summary judgment in favor of Westcor. We review de novo whether the superior court properly applied the law and whether any genuine issues of material facts exist. *Dinsmoor v. City of Phoenix*, 251 Ariz. 370, 373, ¶ 13 (2021); *see also* Ariz. R. Civ. P. 56(a). We view the record in the light most favorable to Root Bar, as the non-movant. *Dinsmoor*, 251 Ariz. at 373, ¶ 13. The superior court must deny motions for summary judgment "if there is evidence creating a genuine issue of material fact." *Gatecliff v. Great Rep. Life Ins. Co.*, 170 Ariz. 34, 37 (1991).

**¶7** Under Arizona law, Westcor is entitled to sue for rent, damages, or breach of covenants in the lease. *Roosen v. Schaffer*, 127 Ariz. 346, 348 (App. 1980). By the lease's terms, Westcor is entitled to all unpaid rent, including fixed minimum rent, fixed costs, variable costs, interest, and service charges, subject to its duty to mitigate damages. The lease agreement governs the damage calculations. *See Tempe Corp. Office Bldg. v.*

*Ariz. Funding Servs., Inc.*, 167 Ariz. 394, 399 (App. 1991); *Wingate v. Gin*, 148 Ariz. 289, 292–93 (App. 1985).

¶8            Root Bar argues that increased fixed minimum rent, the interest charges, and the 10% service charges are unenforceable penalties because, by percentage, those charges are greater than a 5% late fee held unenforceable in *Dobson Bay Club II DD, LLC v. La Sonrisa de Siena, LLC. See* 242 Ariz. 108, 109–10, 115, ¶¶ 2–5, 37 (2017) (holding $1.4 million late fee was unenforceable penalty for untimely balloon payment in commercial loan). In granting Westcor summary judgment, however, the superior court did not award increased fixed minimum rent. Furthermore, Root Bar, "as the party seeking to avoid enforcement of the [lease's damage provisions], has the burden of persuading this Court that the provision[s] impose[] an unenforceable penalty." *Id.* at 112, ¶ 17. And Root Bar has not explained why the interest and service charges are unenforceable penalties under the test adopted in *Dobson Bay. See id.* at 111, ¶¶ 12, 15 (explaining "test requires courts to consider (1) the anticipated or actual loss caused by the breach, and (2) the difficulty of proof of loss"). A mere comparison of the percentages is insufficient to meet Root Bar's burden because reviewing courts "do not apply any bright-line rules but construe [damage] clause[s] according to the circumstances of the case, and in the light of all the facts surrounding it." *Id.* at 112, ¶ 17 (internal quotation marks omitted).

¶9            Root Bar also argues that Westcor's failure to present the replacement tenant's lease with its motion for summary judgment created a genuine issue of material fact about Westcor's mitigation of damages, particularly because the replacement tenant paid significantly less rent than required under Root Bar's lease. Under Root Bar's lease and Arizona law, however, Root Bar had the burden of proof with respect to mitigation of damages. *See Next Gen Cap., L.L.C. v. Consumer Lending Assocs., L.L.C.*, 234 Ariz. 9, 13, ¶ 16 (App. 2013) (explaining that breaching party bears burden to submit mitigation evidence). The superior court struck the only mitigation evidence Root Bar offered—the declaration of a real estate broker—and no other evidence in the record supports Root Bar's position. Because Root Bar does not challenge the striking of the broker's declaration, it has failed to meet its burden to show what additional damages Westcor could have avoided.

## CONCLUSION

¶10           For the reasons above, we affirm the entry of judgment in favor of Westcor. Both parties request their attorneys' fees and costs on appeal. Only Westcor, as the successful party on appeal, however, is

entitled to recover its reasonable attorney's fees and taxable costs, pursuant to A.R.S. §§ 12-341, -341.01, and the lease, pending its compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA