NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

SHEA & 92ND OPCO, LLC, *Plaintiff/Appellee*,

*v.*

STREETS OF NEW YORK INC, *Defendant/Appellant*.

No. 1 CA-CV 25-0772

FILED 06-26-2026

———————————————

Appeal from the Superior Court in Maricopa County
No. CV2024-002673
The Honorable Scott Sebastian Minder, Judge

**AFFIRMED**

———————————————

COUNSEL

Quarles & Brady LLP, Phoenix
By Coree E. Neumeyer, Anthony F. Pusateri, Kristin N. Leaptrott
*Counsel for Plaintiff/Appellee*

Powers Law PLLC, Scottsdale
By John M. Powers
*Counsel for Defendant/Appellant*

_____

**MEMORANDUM DECISION**

Judge Veronika Fabian delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Andrew J. Becke joined.

_____

**F A B I A N**, Judge:

¶1        Appellant, Streets of New York, Inc. ("Tenant"), appeals the superior court's order granting summary judgment in favor of appellee, Shea & 92nd OPCO, LLC ("Landlord"), on Landlord's breach of contract claim. The question raised by this appeal is whether Landlord can recover rent through the end of the lease term when Landlord has reletted the property but has not yet started receiving rent. Because the parties' lease agreement says the Landlord can, this Court affirms summary judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2        Landlord leased a commercial restaurant space to Tenant under a written agreement (the "Lease"). The Lease stated that if Tenant breached the agreement, the Landlord may:

> Terminate this Lease and . . . Landlord shall be entitled to recover from Tenant all damages incurred by Landlord by reason of Tenant's Breach, including, but not limited to: (1) the cost of recovering possession of the Premises; (ii) **all expenses of re-letting the Premises** . . . and (vii) the worth at the time of award of (1) unpaid Minimum Rent, Additional Rent and any other charges required to be paid under the Lease which had been earned at the time of termination, (2) the amount by which the unpaid Minimum Rent, Additional Rent and other **charges called for under the Lease which would have been earned after termination until the time of award** exceeds the amount of such Minimum Rent, Additional Rent and other charges lost for the same period which Tenant proves could have been reasonably avoided, and (3) the amount by which the unpaid Minimum Rent, Additional Rent and other **charges required to be paid under the Lease for the balance of the term after the time of such award** exceeds the amount of such rental loss for the same period that Tenant proves could be reasonably avoided . . . .

(Emphasis added).

¶3        Tenant breached the Lease in April 2022 when it abandoned the space and stopped paying rent. Tenant did not respond to Landlord's written notice of default and demand to cure. Landlord then retook possession of the space.

¶4        The parties do not dispute that Landlord terminated the Lease when it relet the premises—along with an adjacent space—to a replacement tenant on July 6, 2022 (the "New Lease"). Under the New Lease, rent was not due until April 2023. The Landlord also agreed to reimburse the replacement tenant up to $155,975 for additions, alterations, or improvements to the premises. The New Lease expanded the rented premises to include an adjacent space not included in the original Lease, and increased the monthly rent from $9,599.54 to $16,156.

¶5        In 2024, Landlord sued Tenant for breach of contract, and moved for summary judgment seeking $168,033.11 in damages for lost rent and other expenses for the period from April 2022 through April 2023.

¶6        Tenant opposed the motion, arguing that its obligation to pay rent under the Lease ended when Landlord relet the premises in July 2022. It maintained that Landlord could not recover rent from Tenant from July 2022 through April 2023, when the replacement tenant was making improvements to the space but not paying rent.

¶7        Landlord asserted the Lease allowed it to collect post termination rent as a remedy for Tenant's breach even after it relet the premises, subject to a reduction for rent collected from the replacement tenant. Because it did not begin receiving rent under the New Lease until April 13, 2023, its damages calculation properly included the months from July 2022 to April 2023.

¶8        The superior court granted summary judgment for Landlord, concluding the Lease permitted Landlord to recover the monthly rent owed by Tenant even after the premises were relet, subject to an offset for the rent Landlord received during those months. The court ruled that Landlord's damages calculation was correct and Tenant had failed to meet its burden to show that Landlord did not reasonably mitigate its damages.

¶9        Tenant timely appealed and this Court has jurisdiction pursuant to Article VI, Section 9 of the Arizona Constitution and A.R.S. §§ 12-2101(A)(1) and 120.21(A)(1).

## DISCUSSION

¶10 Tenant argues Landlord's reletting of the premises discharged Tenant's obligation to pay rent and the superior court erred by granting summary judgment for Landlord.

¶11 Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). This Court reviews a grant of summary judgment *de novo* and views the evidence and reasonable inferences in a light most favorable to the non-moving party. *Zambrano v. M & RC II LLC*, 254 Ariz. 53, 58 ¶ 9 (2022). The interpretation of a lease is also reviewed *de novo*. *Premier Consulting & Mgmt. Sols., LLC v. Peace Releaf Ctr. I*, 257 Ariz. 80, 86 ¶ 21 (App. 2024).

## I. The Lease Allows Landlord to Collect Future Rent.

¶12 Tenant argues the superior court erred by awarding Landlord rent for the period from July 2022 to April 2023, because Tenant's obligation to pay rent ended when Landlord terminated the Lease by reletting the space in July 2022.

¶13 Tenant relies on *Roosen v. Schaffer*, in which this Court held that if a landlord accepts the surrender of a lease when a tenant abandons the premises, the lease is terminated and the landlord can recover "only the unpaid rent due prior to the termination of the lease." 127 Ariz. 346, 349 (App. 1980). However, *Roosen* was based on the parties' rights at common law, which parties may contractually agree to modify. *Id.*; *Green v. Snodgrass*, 79 Ariz. 319, 322 (1955). Landlord and Tenant did just that when they signed the Lease, which gives Landlord the right to recover the rent Tenant would have owed through the end of the Lease term, reduced by any rent Landlord received from a replacement tenant. The Lease also places the burden on the Tenant to show the amount Landlord could have earned by reletting the property.

¶14 Tenant concedes the Lease provision quoted above governs Landlord's remedies at termination, but argues that because the provision did not "specifically and unambiguously" address reletting after termination, Arizona's common law—in particular, *Roosen*—controls. But the Lease does address reletting after termination. It expressly contemplates that Landlord will relet the premises and allows Landlord to recover the expenses of reletting from Tenant. It also allows Landlord to recover rent from Tenant through the end of the Lease term, less any amount Tenant proves Landlord earned or could have earned during that period (for

example, by reletting to another tenant). Because the Lease specifically provides these remedies for Tenant's breach, *Roosen* does not apply.

**¶15** Tenant argues that the Lease preserves common-law remedies as cumulative with those in the Lease. This Court does not address this argument because Tenant raised it for the first time in its reply brief. *See Ariz. Dep't of Revenue v. Ormond Builders, Inc.,* 216 Ariz. 379, 385 ¶ 24 n.7 (App. 2007).

**¶16** This Court finds no error in the superior court's ruling that Tenant's obligation to pay rent did not end when Landlord relet the space to the replacement tenant.

## II.    Landlord's Damages Do Not Result in a Windfall.

**¶17** Tenant argues that allowing Landlord to recover rent from Tenant for July 2022 through April 2023 gives Landlord an improper windfall because Landlord already obtained consideration for those months under the New Lease. Although Tenant does not dispute that Landlord received no rent from the replacement tenant until April 2023, Tenant claims Landlord nonetheless realized a $155,000 benefit during that period from the replacement tenant's improvements to the rental space. Tenant therefore asserts that any rent it owed Landlord for July 2022 through April 2023 should be reduced by $155,000 to prevent Landlord from receiving an unlawful windfall. However, Landlord was required to reimburse the replacement tenant for those expenses. Thus, Landlord gained no net benefit from the improvements, let alone a windfall.

**¶18** Tenant also argues that Landlord improperly received a windfall because it received more rent from the new tenant ($16,156) because of the deferred rent. But the New Lease was for a larger space than was rented by Tenant and the Lease places the burden on Tenant to prove that Landlord did not act reasonably. *See Next Gen Cap., L.L.C. v. Consumer Lending Assocs., L.L.C.,* 234 Ariz. 9, 12 ¶ 13 (App. 2013) (stating breaching party has "the burden of proving that mitigation was reasonably possible but not reasonably attempted" (quoting *Fairway Builders, Inc. v. Malouf Towers Rental Co.,* 124 Ariz. 242, 255 (App. 1979)). Tenant offered no evidence that Landlord did not act reasonably, that rent deferral was improper, or that the increased rent was the result of the rent deferral.

**¶19** This Court finds no error in the superior court's ruling that Tenant owes Landlord $168,033.11 for breach of the Lease.

## III.    Attorney Fees.

**¶20**        Landlord requests an award of attorney fees on appeal citing Lease § 31.6 and A.R.S. § 12-341.01. Section 31.6 provides that the unsuccessful party in litigation between Landlord and Tenant to enforce any provision of the Lease "shall pay the successful or prevailing party's reasonable attorney's fees and taxable and non-taxable costs and expenses." Accordingly, this Court awards Landlord reasonable attorney fees and costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.

**¶21**        Landlord's request for an award of attorney fees and costs incurred in the superior court is denied because the superior court already awarded those fees and costs.

### CONCLUSION

**¶22**        This Court affirms.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:            JR